THE LAW FIRM OF JOSEPH H. LOW IV
Joseph H. Low IV (State Bar No. 194897)
*joseph@jhllaw.com*
100 Oceangate, 12th Floor
Long Beach, CA 90802
Telephone: (562) 901-0840
Facsimile: (562) 901-0841

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY RAY, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al<br><br>Defendants. | CASE NO. 2:19-cv-04922-DSF-(MAAx)<br><br>**PLAINTIFF, RICKY RAY, ET AL. (RAY FAMILY) MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>*Filed Concurrently with:*<br>- *Statement of Genuine Disputes*<br>- *Declaration of Joseph H. Low IV*<br>- *Declaration of Low for Denial or Continuance for Discovery*<br><br>Date: 08/31/20<br>Time: 1:30 p.m.<br>Courtroom: 7D<br>Complaint Filed: 03/07/19<br>Trial: 04/13/21 |

    Plaintiffs, Ricky Ray, individually and as successor in interest to Cynthia Ray, deceased, Morgan Howard, Alexis Grimm (Alexis), Kourtnee Grimm (Kourtnee), and J.R., a minor, by and through her guardian ad litem, Ricky Ray

1
PLAINTIFFS' POINTS & AUTHORITIES IN OPPOSITION TO STATE FARM'S MSJ

(Ray Family), respectfully submit the following memorandum of points and authorities in opposition to the motion for summary judgment (MSJ) brought by defendant, State Farm Mutual Automobile Insurance Company (State Farm):

## I.
## INTRODUCTION

The Ray Family complains against State Farm for breach of its implied warranty of good faith and fair dealing after refusing to settle the Ray Family claims for wrongful death and personal injuries suffered on 08/31/14, in an automobile collision with its insured driver, Jason Trinidad, who fell asleep at the wheel while operating a motor vehicle owned by insured, Jocelyn Carreon (Separate Statement (SS) No. 1)[1].

Four triable issues of material fact are subsumed in the complaint's allegation of <u>failure to reasonably settle</u> with the Ray Family. The jury is to decide whether State Farm breached the implied covenant of good faith and fair dealing as to: (a) the <u>reasonableness of the Ray Family demand to settle</u> (Demand); (b) <u>receipt of the Demand</u>; (c) <u>failure to interplead the policy</u> which will protect its insureds; and/or (d) failure to protect its insureds by <u>depletion of the policy through settlement</u> with a third party.

### A.     REASONABLE DEMAND

The Ray Family made a reasonable settlement Demand for the death of their wife and mother on 11/17/2014 (SS 19). State Farm argues the Demand failed to include all injured parties and all insureds. The Ray Family argues it could not have known about the third party claims (SS 2, 11, 39). Third party, Lucia Neco, failed to make a claim. Jerry Bogue's claim was not made until 04/15/15 (SS 2, 27).

---

[1] All references are to the Ray Family's Statement of Genuine Disputes, referred by the letters, SS, for ease of identification.

Ray Family argues it could never have known the identity of all the insureds. The unknown, third insured, Socrates Cabales, was not disclosed to the Ray Family or its counsel, before filing the underlying complaint (SS 3, 36-38). Jocelyn Carreon served verified discovery responses in the underlying complaint that she was the only insured and the only owner of the vehicle driven by Jason Trinidad (SS 36).

The settlement Demand is reasonable because State Farm knew a verdict was likely to exceed the demand, based on damages including the death of Cynthia Ray, plaintiffs' wife and mother, and based on (100%) liability where the insured driver fell asleep at the wheel (SS 2, 6, 12). The **reasonableness of the Demand** is a triable issue of material fact.

**B.     RECEIPT OF THE DEMAND**

State Farm argues that it never received the Demand until attorney Joseph H. Low IV, representing the Ray Family, faxed the Demand to State Farm on 04/20/15 (SS 17, 19). The Demand was mailed to Jason Trinidad on 11/17/14 (SS 19). State Farm asserts it "issued an excess exposure letter" to Trinidad on 09/26/14 (SS 6). Both correspondences were mailed to the same address for Jason Trinidad (SS 41). At his deposition on 07/14/16, Mr. Trinidad testified that he had not received any correspondence regarding this collision, other than service of the underlying complaint (SS 6, 40, 42). If Mr. Trinidad did not receive the Demand, then why did he not receive State Farm's excess exposure letter "issued" prior to the Demand. **Receipt of the Demand is a triable issue of material fact**.

**C.     FAILURE TO INTERPLEAD THE POLICY**

State Farm failed to interplead the policy to protect its insureds (SS 34, 35, 47). The complaint's allegation for failure to settle includes a breach of the duty to protect the insured's risk of exposure. Although State Farm made multiple requests that the Ray Family participate in a mediation to obtain a global settlement with Mr. Bogue, it never suggested or submitted an interpleader of the

policy to the court (48). An *interpleader would not protect State Farm* from any later claims of bad faith, such as failing to identify its insured, Socrates Cabales, or failing to protect the insured by depleting the policy by settling with Mr. Bogue. *Interpleader would protect its insureds* from liability for an excess judgment. Whether State Farm breached its duty to its insureds by **failing to interplead the policy to the court is a triable issue of material fact.**

D. **DEPLETING THE POLICY BY SETTLEMENT WITH BOGUE**

State Farm settled Jeffery Bogue's claims which depleted the policy to the detriment of State Farm's insureds (SS 29). State Farm's claims file notes that an agreement was made with its insured to settle with Jerry Bogue (SS 43). Such an agreement would set up the insured for personal exposure on a verdict in excess of the policy. What are the terms of that agreement? Who are the parties to that agreement? The settlement released all three insureds, Jason Trinidad, Jocelyn Carreon and Socrates Cabales (SS 29). The settlement amount was not made known to the Ray Family, including the release of the unknown insured, Socrates Cabales. The complaint's failure to settle allegation includes State Farm's agreement with its insured to deplete the policy. **Whether State Farm breached its duty by depleting the policy through settlement with a third party is a triable issue of material fact.**

## II.
## STATEMENT OF FACTS

On August 31, 2014, the Ray Family, with the exception of adult daughter, Morgan Howard, were stopped along the roadside of highway 5 northbound, at or near Santa Clarita, California, when they and their vehicles were struck by Jason Trinidad, asleep at the wheel of the vehicle insured by State Farm and owned by his mother, Jocelyn Carreon (SS 1).

///

A.  **THE INJURED CLAIMANTS**

Cynthia Ray was killed instantly. Her husband, Ricky Ray, and their three minor children, Alexis, Kourtnee and J.R., all suffered personal injuries and were taken by ambulance to the emergency room (SS 1, 2).

Two additional persons, Jerry Bogue and Lydia Neco, were injured (SS 2). Mr. Ray had no means of determining "all" injury claims when making his demand on 11/17/14. Mr. Ray did not know about Lydia Neco who, although injured, never made a claim (SS 2, 11, 39). Mr. Bogue did not make a claim for injuries until 04/15/15 (SS 2, 27).

B.  **THE STATE FARM POLICY**

The State Farm insurance policy covered named insureds, Jocelyn Carreon and Socrates Cabales. The policy also covered Jason Trinidad, identified as an insured resident relative, permissive user of the vehicle (SS 3). Jocelyn Carreon verified discovery responses in the underlying case that she was the *only insured* under this policy (SS 36).

Socrates Cabales was *not disclosed* in the underlying discovery as an insured (SS 36-38). State Farm knew Mr. Cabales was an insured with liability to the Ray Family. State Farm sent correspondence separately to Ms. Carreon and Mr. Cabales, at the same address, requesting permission to release the policy limits. They each responded with signatures on separate correspondences (SS 7).

State Farm's agent, Sue May, gave instructions to *destroy* correspondence addressed to Mr. Low written on 03/20/15 which referenced Mr. Cabales as the insured (SS 38). State Farm's letter to Mr. Low of 04/07/15 which also referenced Mr. Cabales as an insured, was faxed to an unknown fax number, and never received by Mr. Low (SS 38). The settlement agreement with Jerry Bogue released the State Farm insureds: Jason Trinidad, Jocelyn Carreon and Socrates Cabales (SS 3, 37, 38).

The policy limits were $25,000 per person and $50,000 per occurrence

(SS 3). State Farm knew on 09/26/14, that the damages would exceed the coverage, when it allegedly sent an excess exposure letter to Jason Trinidad (SS 6)[2]. On 09/29/14, State Farm's agent, Maureen Aguirre, made a "Serious Injury Notification" from "news stories" that there were 5 personal injuries and a fatality (SS 2). Ms. Aguirre also reported that the policy limits would not be adequate, and a pro rata settlement would be needed (SS 12).

Although State Farm knew within a month of the collision that the policy was insufficient to cover the injuries, it never suggested to counsel for the Ray Family, nor did it make any reference in the claims file, that an interpleader should be made to the court to protect its insureds (SS 34, 35, 47). Rather State Farm consistently requested a global settlement be explored in mediation between the parties (SS 47, 48).

C. **THE DEMAND LETTER**

The Ray Family designated Nicole Head to assist in handling their claims (SS 8). State Farm's designation form was signed by Mr. Ray and returned to State Farm by Ms. Head (SS 8, 9). Ms. Head spoke with State Farm on 09/18/14, 09/22/14, 09/23/14, and 09/26/14 (SS 13). She requested the policy limits which State Farm refused to disclose (SS 25). Ms. Head told State Farm on **09/26/14** that **"… Mr. Ray is overwhelmed and the last thing he wants to do right now is deal with insurance."** (SS 22).

The Demand letter sent 11/17/14, included a demand to settle without knowing the policy limits, stating "we want justice" for the death, which would presumably include the Ray Family injuries, to be paid within the month or Mr. Ray would need to consult with a lawyer (SS 19).

///

---

[2] On 07/14/16, Mr. Trinidad testified in deposition that he had not received correspondence on this collision (SS 6, 40, 42).

D.     **JUDGMENT AGAINST STATE FARM INSUREDS**

The jury rendered its verdict in the underlying trial, in favor of the Ray Family in the total amount of $2,118,059.61 (SS 30). State Farm paid the judgment against Jocelyn Carreon in the amount of $27,500, with $20,000 remaining on the policy to partially satisfy the judgment against Jason Trinidad (SS 31).

## III.
## LEGAL ARGUMENT

A covenant of good faith and fair dealing is implied in all contracts, including insurance contracts. *Wilson v. 21st Century Insurance Company* (2007) 42 Cal.4th 713, 720. The implied covenant is breached when the insurer denies or delays payment of policy benefits in an unreasonable manner, without any basis. Unreasonableness is shown by a failure to discharge contract duties, prompted by a conscious and deliberate act, which unfairly frustrates the agreed purpose, and disappoints the other party's expectations. See, *Chateau Chamberay Homeowners Association v. Associated International Insurance Company* (2001) 90 Cal.App.4th 335, 346.

A.     **MSJ STANDARD**

The federal standard for determining a summary judgment motion (MSJ) remains with the moving party. The "… burden of establishing that there is no genuine issue of material fact lies initially with the moving party and resolution of all doubts should be in favor of the party opposing the motion." *British Airways Board v. Boeing Company* (9th Cir. 1978) 585 F2d 936, 951.

The function of the motion is to terminate cases without trial when it can be shown "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (Fed.R.Civ.P. 56(a)).

The opponent must present sufficient evidence under its claims as presented by the complaint to create a genuine issue of material fact for the trier of fact to determine. See, *Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 325. The court may

treat new claims argued in opposition to an MSJ as a motion for leave to amend the pleading. Unpled theories may be considered in an MSJ, absent prejudice to the opponent. It is an abuse of discretion not to permit an amendment. See, *Desertrain v. City of Los Angeles* (9th Cir. 2014) 754 F.3d 1147, 1154.

The court has the discretion to deny MSJ if the better course of action would be to proceed to trial, regardless of a finding that the MSJ standards are met. See, *Anderson v. Liberty Lobby, Inc.* (1986) 477 US 242, 255.

Here, the Ray Family asserts the triable issues of fact include matters not expressly identified in the complaint, but which are consistent with the concept of refusal to settle, such as the breach of State Farm's duty to protect its insureds by depleting the policy through settlement with Mr. Bogue. State Farm could easily have interplead the policy but doing so would not protect State Farm's other bad faith conduct, such as refusing to disclose the identity of all insureds to the Ray Family. The nondisclosure was accomplished before litigation by giving express direction to *destroy* correspondence to attorney Low on 03/20/15 (SS 37, 38), which identified insured, Socrates Cabales. The nondisclosure was supported by Jocelyn Carreon's verified responses to written discovery that she was the only insured (SS 36, 38). Failure to interplead the policy limits and depleting the policy by a third party settlement, is subsumed in its breach of the duty to settle, to protect the insured's interests against excess exposure.

## B.  INSURER DUTY TO SETTLE

An insurer has a duty to settle "where there is a substantial likelihood of recovery in excess of the policy limits." *Murphy v. Allstate Insurance Company* (1976) 17 Cal.3d 937, 941. "The reasonableness of a settlement offer is to be evaluated by considering whether, in light of the victim's injuries and the probable liability of the insured, the ultimate judgment is likely to exceed the amount of settlement offer." *Johansen v. California State Automobile Association Inter-Insurance Bureau* (1975) 15 Cal.3d 9, 16.

The judgment infers that the value of the claim is equivalent to the judgment and acceptance of the offer to settle for less would have been reasonable. See, *Crisci v. Security Insurance Company* (1967) 66 Cal.2d 425, 431.

Here, State Farm breached its duties by refusing to accept a reasonable settlement demand for the wrongful death and personal injuries of the Ray Family when State Farm knew, or had reason to know, in September 2014, before the demand was made on 11/17/14, that its limits were insufficient to compensate all the damages and its insured was fully responsible for the harms (SS 2, 6, 12).

### C.      **SETTLEMENT AND INTERPLEADER**

When the insurer knows or has reason to know there are, or will be, multiple injury claims which may exceed the policy limits, the choice to be made is either a global agreement among the parties, or tender of the policy to the courts by an interpleader. See, *Schwartz v. State Farm Fire & Casualty Company* (2001) 88 Cal.App.4th 1329, 1338-1339.  Here, State Farm repeatedly requested that the parties engage in mediation to reach a global settlement (SS 48).  When settlement fails, State Farm still has a duty to protect its insureds and can do so with an interpleader.  Settlement would have conceivably protected State Farm with a release from its bad faith failures to disclose identity of the insured, and failure to protect the insureds by depleting the policy.  When the insurer tenders the policy, its obligation to reasonably settle is discharged and is considered "good faith" as a matter of law.  See, *State Farm Mutual Automobile Insurance Company v. Crane* (1990) 217 Cal.App.3d 1127, 1136.

A belated tender of the policy can be a breach of the duty and constitute bad faith in any event.  The belated tender does not cure State Farm's earlier bad faith by refusing to settle.  *Critz v. Farmers Insurance Group* (1964) 230 Cal.app. 2d 788, 789, disapproved on other grounds in *Crisci v. Security Insurance Company of New Haven, Connecticut* (1967) 66 Cal.2d 425, 433.

///

D.     **REASONABLE CONDUCT OF INSURER IS THE TEST**

When the insurer's bad faith is at issue, reasonableness of the insurer's conduct is the fundamental principle.  California's civil jury instruction number 2334 requires a finding that the claim was covered by the policy, the insurer failed to accept a reasonable demand to settle, and judgment was entered against the insureds for an excess amount greater than the policy limits (CACI 2334).  The instruction provides, "<u>A settlement demand for an amount within policy limits *is* reasonable if</u> [*defendant*] <u>knew or should have known at the time the demand as rejected</u> that the <u>potential judgment was likely to exceed the amount of the demand based on</u> [*plaintiff in underlying case*] <u>injuries or loss and</u> [*plaintiff's*] <u>probable liability</u>.  (CACI 2334).  Here, State Farm knew within a month of the collision that the injuries would exceed the policy limits and the driver was (100%) liable for the collision by falling asleep at the wheel (SS 2, 6, 12).

## IV.
## CONCLUSION

Plaintiffs, Ricky Ray, individually and as successor in interest to Cynthia Ray, deceased, Morgan Howard, Alexis Grimm (Alexis), Kourtnee Grimm (Kourtnee), and J.R., a minor, by and through her guardian ad litem, Ricky Ray, respectfully request the court deny the motion for summary judgment brought by defendant, State Farm Mutual Automobile Insurance Company.

DATED:   August 10, 2020          Respectfully submitted,
                                  THE LAW FIRM OF JOSEPH H. LOW IV

                                  By: _____
                                  Joseph H. Low IV
                                  Attorney for Plaintiff